FILED

2013 Nov-18  PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRITTNEY MCBRAYER,** | ) | **Civil Action No.:**_____ |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **SERVICE CORPORATION** | ) | |
| **INTERNATIONAL and SCI ALABAMA** | ) | |
| **FUNERAL SERVICES, LLC d/b/a JOHN'S** | ) | |
| **RIDOUT MORTUARY-ELMWOOD CHAPEL** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Brittney McBrayer, by and through her undersigned counsel, hereby files this Complaint for relief against the Defendants, Service Corporation International and SCI Alabama Funeral Services, LLC d/b/a John's Ridout Mortuary-Elmwood Chapel and alleges as follows:

### NATURE OF THE CASE

1.     This is a lawsuit brought by the Plaintiff, Brittney McBrayer, seeking permanent relief from unlawful discriminatory and retaliatory practices committed against her by the Defendants, Service Corporation International and SCI Alabama Funeral Services, LLC d/b/a John's Ridout Mortuary-Elmwood Chapel. The Plaintiff has been affected by sexual harassment, gender discrimination, and retaliation for engaging in the protected activity alleged in the claims set forth below. The practices committed by the Defendants violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").

2.      Plaintiff also brings pendent claims arising under statutory and common law of the State of Alabama against Defendant for negligently hiring, training, supervising and retaining employees and/or supervisors.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331, 1343(4) and 42 U.S.C. § 2000e, *et seq.*

4.      Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII.

5.      Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge Number 420-2013-01476 (Attached as Exhibit A).

6.      On August 21, 2013, the EEOC issued Plaintiff a Notice of Right to Sue (Attached as Exhibit B).

7.      Plaintiff has timely filed this action within ninety (90) days of her receipt of the Notice of Right to Sue pursuant to Title VII.

8.      Defendants are located and/or doing business within this judicial district and division.  This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

9.      Plaintiff Brittney McBrayer ("Plaintiff" or "Ms. McBrayer") is a female who is above the age of nineteen (19) years and is currently a resident of Mobile County, Alabama.

10.      Plaintiff is a former employee of Defendants whose employment was terminated on or about February 18, 2013.

11.     Defendant Service Corporation International ("SCI") is a business located in Houston, Texas that operates and manages funeral homes across the country.  At all times relevant to this action, Defendant SCI has maintained and operated a business in Alabama and operated a facility located in Birmingham, Alabama where Plaintiff was employed.  Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees and employers within the meaning of 42 U.S.C. § 2000e (b), (g) and (h).

12.     Defendant SCI Alabama Funeral Services, LLC d/b/a John's Ridout Mortuary-Elmwood Chapel ("Elmwood") is a business located in Birmingham, Alabama. At all times relevant to this action, Defendant Elmwood has maintained and operated a business in Alabama and operated a facility located in Birmingham, Alabama where Plaintiff was employed. Defendant Elmwood is engaged in an industry affecting commerce and has fifteen (15) or more employees and employers within the meaning of 42 U.S.C. § 2000e (b), (g) and (h).

## STATEMENT OF FACTS

13.     On or about May 2005, Ms. McBrayer was hired as an Apprentice Funeral Director at Rideout's Brown Service Funeral Home in Decatur, Alabama, a funeral home that, upon information and belief, was operated and managed by Defendant SCI.

14.     In 2006, Ms. McBrayer was hired as an Apprentice Funeral Director at Elmwood, a funeral home that, upon information and belief, is also operated and managed by Defendant SCI.

15.     In 2007, upon obtaining a specialized degree in Mortuary Science as well as State and National Certifications, Ms. McBrayer was hired as a Senior Funeral Director at Elmwood.

16.     In October 2012, Ms. McBrayer applied for the available position of Location Manager at Elmwood.

17.     Despite her tenure and service history at Elmwood, Ms. McBrayer was denied the position of Location Manager at Elmwood in favor of a less qualified male candidate outside of her protected class.

18.     Over her five (5) year employment at Elmwood, Ms. McBrayer had previously been denied multiple Location Manager positions and an Assistant Manager position (all at funeral homes in the Birmingham, Alabama area operated and managed by Defendant SCI) in favor of male candidates outside of her protected class.

19.     Upon information and belief, during the time Ms. McBrayer was employed at Elmwood, there were no female Location Managers at funeral homes operated and managed by Defendant SCI in the Birmingham area.

20.     As the only female Senior Funeral Director at Elmwood, Ms. McBrayer was treated differently than the male Senior Funeral Directors outside of her protected class.

21.     Ms. McBrayer was assigned a workload, specifically waiting on families, which far exceeded the workload assigned to the male Senior Funeral Directors.

22.     Ms. McBrayer was also asked to go the homes of families who owed outstanding amounts from funerals, alone, and collect upon outstanding invoices.

23.     Ms. McBrayer's male counterparts were never asked to go to the homes of families and collect debts.

24.     Ms. McBrayer was denied the opportunity to assist on extra visitations which would have allowed her to earn overtime pay; instead, those extra visitation assignments were given to male Senior Funeral Directors.

25.     Despite the fact that Ms. McBrayer assisted with various after-hours tasks on an on-call basis, she was charged rent for residing in the funeral home at Elmwood.

4

26.     A male Senior Funeral Director outside of Ms. McBrayer's protected class resided at a separate funeral home location operated and managed by Defendant SCI in the Birmingham area and was never required to pay rent.

27.     Ms. McBrayer complained regarding the differential treatment she experienced as the only female Senior Funeral Director.

28.     In late 2012, Ms. McBrayer reported a male employee who worked with a separate funeral home location operated and managed by Defendant SCI in the Birmingham area (and who she was forced to interact with at Elmwood) for inappropriately touching her and other female employees.

29.     Ms. McBrayer learned that the same male employee had been reported to Defendant SCI on multiple occasions by female employees for inappropriate touching.

30.     Despite Ms. McBrayer's complaint and complaints by other female employees, Defendants failed and/or refused to discipline the male employee, and, upon information and belief, that male employee remains employed with Defendant SCI in the Birmingham area and is in regular contact with female employees.

31.     Defendant SCI never took any action to correct the differential treatment that Ms. McBrayer experienced while employed at Elmwood.

32.     In February 2013, the male Location Manager at Elmwood (who was hired when Ms. McBrayer applied for the position in October 2012) informed Ms. McBrayer that she had failed to charge for a particular service on a funeral contract.

33.     This male Location Manager further advised Ms. McBrayer that her employment with Defendants SCI and Elmwood was being terminated.

34.    Prior to the termination of her employment, Ms. McBrayer had never received a write-up or any other disciplinary action during her tenure at Elmwood.

35.    Moreover, similarly situated male employees had previously omitted particular services off of funeral contracts and had made related errors which did not result in disciplinary actions, much less the termination of their employment.

36.    Ms. McBrayer was required to work in and endure, without remedy or recourse, a hostile environment involving sexual harassment in violation of Title VII.

37.    Ms. McBrayer was discriminated against and treated differently by Defendants because of her gender, female, in violation of Title VII.

38.    Ms. McBrayer was retaliated against by Defendants in violation of Title VII, including the termination of her employment on February 18, 2013, for engaging in the protected activity of opposing unlawful employment discrimination in the workplace.

39.    Defendants negligently and recklessly hired, trained, supervised and retained employees and/or supervisors; as a result of such, Plaintiff was caused to be discriminated and retaliated against in violation of State and Federal law.

## COUNT I
## (GENDER DISCRIMINATION IN VIOLATION OF TITLE VII)

40.    Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

41.    Plaintiff has been discriminated against and treated differently than similarly situated employees solely because of her gender, female, in violation of Title VII.

42.    The treatment by Defendants affected the terms, conditions, and enjoyment of Plaintiff's employment and her right to be free of discrimination based upon her gender.

43.     The actions and/or omissions of Defendants, as described above, were done with malice and/or reckless indifference to the federally protected rights of the Plaintiff.

44.     The reckless and willful discrimination on the part of the Defendants constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII

45.     Plaintiff seeks declaratory relief, an award of compensatory and punitive damages, mental anguish, costs, attorneys' fees, and any and all such further relief as the trier of fact may assess.

**COUNT II**
**(GENDER DISCRIMINATION BY SEXUAL**
**HARASSMENT IN VIOLATION OF TITLE VII)**

46.     Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

47.     This is a claim against Defendants arising under Title VII of the Civil Rights Act of 1964, as amended, prohibiting gender discrimination by sexual harassment in the workplace.

48.     The conduct of the Defendants alleged herein violates Title VII because Plaintiff was required to work in a sexually hostile environment which was tainted by inappropriate and unwelcome touching.

49.     Plaintiff did not welcome the sexual misconduct and hostile work environment.

50.     The Defendants' actions and/or omissions subjected Plaintiff to repeated sexual harassment causing Plaintiff's work environment to be permeated with discriminatory conduct that altered Plaintiff's work conditions.

51.     Plaintiff complained of the sexual harassment but Defendants failed and/or refused to prohibit the unlawful employment practices.

52.     Such unlawful employment practices proximately caused Plaintiff to suffer severe emotional distress, mental anguish, embarrassment, humiliation, shame and trauma for which she claims damages.

53.     Plaintiff seeks declaratory relief, an award of compensatory and punitive damages, mental anguish, costs, attorneys' fees, and any and all such further relief as the trier of fact may assess.

**COUNT III**
**(RETALIATION IN VIOLATION OF TITLE VII)**

54.     Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

55.     There existed an employer-employee relationship between the Plaintiff and Defendants.

56.     Plaintiff exercised her statutory rights under Title VII by complaining to Defendants about the sexual harassment, hostile work environment, and gender discrimination; as a result, Plaintiff was subjected to intentional retaliation by the Defendants, including the termination of her employment on February 18, 2013.

57.     The Defendants' conduct proximately caused Plaintiff to suffer a loss of income and benefits, embarrassment, humiliation, loss of reputation, emotional distress, and mental anguish for which she claims damages.

58.     Plaintiff seeks declaratory relief, an award of compensatory and punitive damages, mental anguish, costs, attorneys' fees, and any and all such further relief as the trier of fact may assess.

## COUNT IV
## (NEGLIGENT AND/OR RECKLESS HIRING,
## SUPERVISION, TRAINING AND RETENTION)

59.     Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

60.     Plaintiff's claims based on statutory and common law of the State of Alabama arise out of the same facts and incidents which are the subject of the Plaintiff's claims based upon Federal Law and are within the pendent jurisdiction of this Court.

61.     Defendants negligently and/or recklessly hired, trained, supervised and retained employees and/or supervisors; as a result of such, Plaintiff was caused to be discriminated against, retaliated against, and caused to suffer outrage, mental anguish, shame, embarrassment and humiliation.

62.     Defendants had notice or knowledge, either actual or presumed, of its servants', agents', and/or employees' incompetency or unfitness; further, the specific acts of incompetency were of such nature, character, and frequency that Defendants, in the exercise of due care, must have had notice of such actions and/or omissions.

63.     As a proximate result of Defendants' actions, Plaintiff was caused to suffer harm, including mental anguish, physical anguish, inconvenience, embarrassment, loss of sleep, illness, weakness, fear, fright, frustration, and intimidation.

## PRAYER FOR RELIEF

**WHEREFORE,** the foregoing averments considered, Plaintiff demands judgment against the Defendants as follows:

(A)    Declaratory judgment that Defendants' employment practices, policies, procedures, conditions and customs are violative of the rights of the Plaintiff as secured by Title VII ;

(B)    Grant the Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and at the Defendants' request from continuing to violate Title VII;

(C)    Enter an Order requiring the Defendants to make the Plaintiff whole by reinstating her, awarding her backpay (plus interest), front pay, nominal, compensatory and punitive damages, lost seniority, and loss of benefits;

(D)    The Plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses;

(E)    Compensatory and punitive damages against Defendants on Plaintiff's state law claims for negligent and/or reckless training, supervision, and retention; and

(F)    Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by struck jury of all issues in this Complaint.

Respectfully Submitted,

W. Whitney Seals (ASB-8890-W81S)
*Attorney for Brittney McBrayer*

**OF COUNSEL:**

**PATE & COCHRUN, LLP**
P.O. Box 10448
Birmingham, Alabama 35202-0448
Tel: (205) 323-3900
Fax: (205) 323-3906

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**

**Service Corporation International**
1929 Allen Parkway
Houston, TX 77019

**SCI Alabama Funeral Services, LLC**
**d/b/a John's Ridout Mortuary-Elmwood Chapel**
800 Dennison Avenue SW
Birmingham, Alabama 35211

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Statement before completing this form.

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| | FEPA | |
| x | EEOC | 420-2013-01446 |

and EEOC

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Brittney McBrayer | (205) 937-7817 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 513 Treymore Lake Circle | Alabaster, Alabama 35007 | ▇▇▇▇ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Service Corporation International | More than 15 | (713) 522-5141 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1929 Allen Parkway | Houston, Texas 77019 | Harris |

| NAME | | TELEPHONE (Include Area Code) |
|---|---|---|
| SCI Alabama Funeral Services, LLC d/b/a John's Ridout Mortuary-Elmwood Chapel | | (205) 251-7227 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 800 Dennison Avenue SW | Birmingham, Alabama 35211 | Jefferson |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| | | | | |
|---|---|---|---|---|
| [ ] RACE | [ ] COLOR | [x] SEX | [ ] RELIGION | [ ] AGE |
| [x] RETALIATION | [ ] NATIONAL ORIGIN | [ ] DISABILITY | [ ] OTHER (Specify) | |

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)          LATEST (ALL)
2/18/2013

[x] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Service Corporation International ("SCI") is a business located in Houston, Texas that operates and manages funeral homes across the country. In May 2005, I was hired as an Apprentice at Ridout's Brown Service Funeral Home in Decatur, Alabama, a funeral home that is operated and managed by SCI. In 2006, I was hired as an Apprentice at John's Ridout Mortuary-Elmwood Chapel ("Elmwood"), a funeral home that is a subsidiary/affiliate of SCI Alabama Funeral Services, LLC and is operated and managed by SCI.

In 2007, upon obtaining a specialized degree in Mortuary Science as well as my state and national certifications, I was hired as a Senior Funeral Director at Elmwood. I remained so employed as a Senior Funeral Director until the termination of my employment on or about February 18, 2013. At the time my employment was terminated, I was the only female Senior Funeral Director at Elmwood.

In October 2012, I applied for the position of Location Manager at Elmwood. Despite my tenure and service history at Elmwood, I was denied the position in favor of a less qualified male candidate outside of my protected class. Over my five (5) years of employment at Elmwood, I had previously been denied multiple Location Manager positions and an Assistant Manager position (all at funeral homes in the Birmingham, Alabama area operated and managed by SCI) in favor of male candidates outside of my protected class. Upon information and belief, during the period of time I was employed at Elmwood, there were no female Location Managers at funeral homes in the Birmingham area operated and managed by SCI.

RECEIVED
EEOC

MAR 21 2013

BIRMINGHAM DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any, I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| 3/20/13   Brittney P. McBrayer | |
| Date          Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (10/94)

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

As the only female Senior Funeral Director at Elmwood, I was treated differently than the male Senior Funeral Directors outside of my protected class.  As just a few representative instances, I was assigned a workload, specifically waiting on families, which far exceeded the workload assigned to the male Senior Funeral Directors.  Also, I was asked to go to the homes of families who owed outstanding amounts from funerals, alone, and collect upon outstanding invoices.  My male counterparts were never asked to go to the homes of families and collect debts.  I was denied the opportunity to assist on extra visitations which would have allowed me to earn overtime pay.  The extra visitation assignments which resulted in overtime pay were given to male Senior Funeral Directors.  Additionally, despite the fact that I assisted with various after-hours tasks on an on-call basis, I was charged rent for residing in the funeral home at Elmwood.  A male Senior Funeral Director outside of my protected class resided at a separate SCI funeral home location in the Birmingham area and was never required to pay rent.

I complained regarding the differential treatment I experienced as the only female Senior Funeral Director at Elmwood.  In late 2012, I also reported a male employee who worked with a separate SCI funeral home location in the Birmingham area (who I was forced to interact with at Elmwood) for inappropriately touching me and other female employees.  I learned that this male employee had been reported to SCI on multiple occasions by female employees for inappropriate touching.  SCI never took any action to correct the differential treatment I experienced while employed at Elmwood, and, to my knowledge, the male employee who I reported remains employed by SCI and continues to be in contact with female employees at funeral homes in the Birmingham area.

In February 2013, the male Location manager at Elmwood (who was hired when I applied for the position in October 2012) informed me that I had failed to charge for a particular service on a funeral contract.  I was further advised that my employment had been terminated.  Prior to the termination of my employment, I had never received a write-up or any other disciplinary action during my tenure at Elmwood.  Moreover, similarly situated male employees had previously omitted particular services off of funeral contracts and had made related errors which did not result in disciplinary actions, much less the termination of their employment.

Based upon the differential treatment I experienced, including the termination of my employment, I believe I have been discriminated against because of my sex in violation of Title VII of the Civil Rights Act of 1964, as amended.  I further believe I have been retaliated against based upon my engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED
EEOC

MAR 2 1 2013

BIRMINGHAM DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any, I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY- (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| 3/20/13   *Brittney P. McBrayer* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| Date        Charging Party (*Signature*) | (Day, month, and year) |

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Britany McBrayer<br>c/o Dustin Kittle<br>Beckum, Kittle LLP<br>4505 Pine Tree Circle, Suite 135<br>Birmingham, AL 35243 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street, South<br>Birmingham, AL 35205 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2013-01476 | Michele R. Harris,<br>Investigator | (205) 212-2071 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge. |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Signature_     8-21-13

Enclosures(s)

Delner Franklin-Thomas
District Director

(Date Mailed)

cc:     SERVICE CORPORATION INTERNATIONAL
c/o W. Whitney Seals
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, AL 35202

Enclosure with EEOC
Form 161 (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*